IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ADAM JAMES VAUGHN,      ] | |
| ] | |
| Movant,      ] | |
| ] | |
| vs.      ] | CIVIL ACTION NO. 03-IPJ-RRA-8037-NE |
| ] | CRIMINAL NO. 02-IPJ-RRA-0174-NE |
| ] | |
| THE UNITED STATES OF AMERICA,      ] | |
| ] | |
| Respondent.      ] | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255. The movant, Adam James Vaughn, was convicted in this court on June 11, 2002, on his plea of guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count 1) and one count of criminal forfeiture of property used to commit the offense of possession of child pornography, in violation of 18 U.S.C. § 2253(a)(3)(Count 4). Pursuant to a plea agreement, Counts 2 and 3 were dismissed. He was sentenced on September 12, 2002, to a term of imprisonment for 29 months. Vaughn did not appeal his conviction or sentence.

In his motion to vacate, Vaughn claims that: 1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to evidence favorable to the defense; 2) he was convicted by use of evidence obtained pursuant to an unconstitutional search and seizure; 3) his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of

the charge and the consequences of the plea; and 4) he was convicted "by a reckless disregard of the truth and facts as presented by the prosecution."

In response to the court's order to show cause, the respondent has filed an answer in which it argues that the motion to vacate is due to be denied because his claims are procedurally defaulted and/or without merit.  By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary dismissal.  The movant was advised that in responding to the motion for summary dismissal, he must supply the court with counter-affidavits and/or documents to set forth specific facts showing that there are genuine issues of material fact to be decided.  In response, the movant has filed an unsworn traverse.

## PROCEDURAL DEFAULT

Vaughn's claims that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to evidence favorable to the defense (Claim 1); he was convicted by use of evidence obtained pursuant to an unconstitutional search and seizure (Claim 2); and he was convicted "by a reckless disregard of the truth and facts as presented by the prosecution" (Claim 4), are barred by procedural default because he did not raise them on direct appeal.  "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."  *Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990).  "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development."  *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994).  If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish

cause for the default and actual prejudice resulting from the alleged error. *Id. See also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir. 1990), *cert. denied,* 498 U.S. 849 (1990). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). In addition to showing cause, the movant must also demonstrate that he was prejudiced. To show prejudice, he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

      The petitioner has made no attempt to establish cause and prejudice to excuse the procedural defaults of these claims. Nor has he alleged facts to support the "fundamental miscarriage of justice" exception. Therefore, Vaughn is procedurally barred from raising Claims 1, 2, and 4 in this court, and the claims are due to be dismissed.

## **INVOLUNTARY GUILTY PLEA**

Vaughn's final claim is that his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." (Claim 3). In support of this claim, Vaughn alleges the following:

> My counsel informed me durring (sic) explaining the plea aggreament [sic] that the prosecution wanted me to be informed that if I refused to accept the conditions of the agreeament [sic] that she would make me the "Poster Child for Child Pornogrofity [sic]" and that she would change the single charge of possession of child pornorgofity [sic] to three hundred seperate [sic] charges. That would have me[a]nt a life sentence if she was sucessfull [sic]. I fully beli[e]ved this threat due to the fact her office leaked the information to the local press.

Vaughn was represented at trial by Steven K. Aldridge and Andrew J. Segal. In affidavits submitted by the respondent, Vaughn's attorneys state as follows:

> In our plea negotiations with the Prosecutor, Diedre Brown, she indicated that if Mr. Vaughn chose not to accept the plea agreement she would prosecute this case to the fullest and would pursue all counts against him. I do not recall any mention of a life sentence, but we were informed and did know that the number of charges against him could conceivably result in a severe sentence. We did discuss that by accepting the plea agreement Mr. Vaughn would avoid prosecution on other counts and would avoid a potentially sever[e] sentence. At no time during our meeting with Ms. Brown was she threatening or coercing. Our meetings were cordial at all times and she explained fully the nature and number of the potential charges against our client which we relayed to him. After consideration of the same, Mr, Vaughn informed us he wished to accept the plea agreement rather than face trial on all charges.

Respondent's Exhibits H and I.

Although Vaughn contends that his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea," he has offered nothing to support a claim that he did not understand the nature of the charges or the consequences of the plea.[1] Thus, it appears that the only claim he intends to raise is that his plea was

---

[1] Vaughn testified at the consent hearing that he understood the charges against him and that he understood the consequences of his plea. Transcript of Plea Hearing (doc. 16), Respondent's Exhibit D, pp. 5-12.

unlawfully induced by the prosecutor's warning that she would pursue all available charges against him if he did not accept the plea agreement.

> The voluntariness of a plea is ascertained in light of all the relevant surrounding circumstances. [*Brady v. United States*], 397 U.S. [742], 749, 90 S. Ct. [1463], 1469, 25 L. Ed. 2d [747], 757. The United States Supreme Court has furnished guidance in making that judgment:
>> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).
>
> *Id*., 397 U.S. at 755, 90 S. Ct. at 1472, 25 L. Ed. 2d at 760, *quoting Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds*, 356 U.S. 26, 78 S. Ct. 563, 2 L. Ed. 2d 579 (1958) (citation omitted). Employing this standard, the Supreme Court concluded that an otherwise voluntary guilty plea was not coerced even if it was made to avoid the imposition of the death sentence. The plea was upheld as voluntary although the statute authorizing the death sentence was subsequently ruled unconstitutional. *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). In another instance, the Court stated: a "plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." *McMann v. Richardson*, 397 U.S. 759, 770, 90 S. Ct. 1441, 1448, 25 L. Ed. 2d 763, 773 (1970) (footnote omitted). Thus, in the absence of physical harm, mental coercion overbearing the will of the defendant, or intentional misrepresentation or deception, the Court has not been very receptive to claims of coerced guilty pleas.

*United States v. Deal*, 678 F.2d 1062, 1065-1066 (11th Cir. 1982)(footnote omitted).

Although Vaughn claims that his decision to plead guilty was based on the prosecutor's "threats" to pursue numerous separate charges against him if he did not accept the plea agreement, the prosecutor's statements clearly were not "threats." The prosecution legitimately offered the movant a plea agreement pursuant to which he would get considerably less prison time than he would have faced had it decided to pursue all the possible charges against him. It was not a threat

for the prosecution to point this out to Vaughn.  While Vaughn most likely did base his decision to enter a guilty plea on the prosecution's statement of its intentions, the prosecution was simply conducting its business.  Vaughn's decision to plead guilty was not based on any misrepresentation by the prosecution, physical harm, mental coercion overbearing the movant's will, or intentional misrepresentation or deception.  Therefore, his claim that his plea was involuntarily made is without merit and the motion to vacate is due to be denied.

     An appropriate order will be entered.

     DONE this 29th day of September, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE